### Blackwell *vs.* Aiken, guardian.

1. Pleadings are to be taken most strongly against the pleader, and verdicts are to have a reasonable intendment and construction, so as not to be avoided unless from necessity. All of the pleadings not being before this court, it cannot be decided that the verdict is so vague and uncertain that it cannot, by proper intendment and construction, be rendered precise and certain.

2. The affidavit of illegality to the levy in this case fails to show that the land thus levied on is included in the two hundred acres exempted as a homestead, and a part of which was found subject to the execution.

3. The admission that the judgment was for the purchase money of the land levied on was fatal to this affidavit of illegality; and this admission having been made for the purpose of determining the question on demurrer, thereby became to that extent a part of the record.

4. Whether affidavit of illegality is an appropriate remedy to attack and set aside the verdict and judgment of which it complains. *Quære?*

(*a.*) It is inequitable for the defendant to keep the land and not pay the purchase money.

April 8, 1884.

Pleadings. Presumption. Judgment. Practice in Superior Court. Before Judge Lawson. Jasper Superior Court. October Term, 1883.

Reported in the decision.

KEY & PRESTON; J. H. LUMPKIN, for plaintiff in error.

G. T. & C. L. BARTLETT, for defendant.

HALL, Justice.

The plaintiff caused a *fi. fa.*, issuing from and returnable to Jasper superior court, to be levied by the sheriff of Morgan county, on "one hundred acres of land, more or less," as the property of defendant. The land was described as lying in Morgan county, and known as the northeast side of the Howard lot, bounded on the north by J. M. Shy, on the east by Sarah Aiken and P. H. Aiken, on the south by Sarah Aiken, and on the west by S. S. Blackwell. This levy was made the 29th of May, 1882, and written notice given to the tenant in possession. On the 10th day of June, 1882, defendant filed an affidavit of illegality to the execution upon the grounds following:

(1.) Because the levy is defective and illegal, in that it does not follow the description of the property supposed to be found subject to said *fi. fa.* by the jury, nor the description given in the judgment.

(2.) Because the sheriff by his levy describes one hundred acres of land, more or less, lying in Morgan county, and known as the northeast side of the Howard lot, which levy is illegal, because the issue upon which the verdict of the jury was rendered, which authorized the sheriff to proceed against any of the lands of defendant, was formed upon the following state of facts: Plaintiff had her *fi. fa.* levied on the homestead lands of defendant, consisting of 208 acres, having first filed her affidavit, as required by statute, that said homestead was not exempt as against this debt, but subject to the payment thereof. Defendant, after the levy was made, filed a counter-affidavit denying that said homestead was subject to said debt. The *fi. fa.*, together with the levy thereon, the affidavit of plaintiff and the counter-

affidavit, were returned to the court. The issue thus formed thereon was tried by a jury, and the verdict returned found "the one hundred acres of land purchased of the plaintiff, as administrator," subject to said *fi. fa.;* that the verdict fails to identify the land, and is vague and uncertain; that the entire tract was held by plaintiff's husband, while in life, and Patterson Aiken, under a joint deed, and the plaintiff, after the death of her husband, and the said Patterson continued to hold the same as tenants in common; that it was never partitioned or divided between them; that defendant purchased the undivided moiety of the same from each of them, and thus became the owner of the entire tract, and that there is "no one hundred acres as found by the jury, purchased from Mrs. Sarah Aiken, administrator," and that, on account of the vague and uncertain character of this verdict and the judgment founded thereon, "the plaintiff cannot now lawfully proceed against any of defendant's land."

To this affidavit plaintiff's counsel demurred for want of certainty and as insufficient in law to arrest the levy first mentioned. Pending argument on the demurrer, it was admitted by counsel for both parties that the execution was proceeding for the purchase money of the land, as we must infer, which had been levied on. The court sustained the demurrer, dismissed the affidavit of illegality, and ordered the *fi. fa.* to proceed. To this decision the affiant excepted, and assigns error thereon. The *fi. fa.* levied issued from an ordinary common law judgment. The affidavit of plaintiff set forth that the judgment upon which it was founded was one from which defendant's homestead was not exempt, the debt being for part of the purchase money due for said homestead, but did not state that there was no property except the homestead on which to levy. Code, §2028. Upon filing this affidavit, the execution was levied upon 202¼ acres, more or less, upon which defendant then resided, etc. The counter-affidavit nowhere appears, either in the record or bill of exceptions, so that it is im-

possible for this court, as it was for the superior court, to determine what was the precise issue presented and found by the jury.

1. It is a well settled rule that pleadings are to be taken most strongly against the pleader; nor is there less doubt that verdicts are to have a reasonable intendment as well as construction, so as not to be avoided unless from necessity. Code, §3561, and decisions of this court cited thereunder. It was recently held by this court that these requirements should be more rigidly applied to final than to other process, because by this proceeding the enforcement of the judgment is arrested. It would be going quite too far, in the absence of pleadings, to hold that this verdict is so vague and uncertain that it cannot, by proper intendment and the benignant construction enjoined by this law, be rendered precise and certain.

2. The affidavit of illegality to the levy in question fails to show that the land thus levied on is included in the two hundred acres, upon which the homestead is laid, and a part of which was found subject to the execution by the verdict found upon the issue formed to ascertain this fact.

3. The admission that the purchase money of the land levied on is still due, and that the judgment of the plaintiff is for the same, is fatal to this affidavit of illegality. Code, §2002. This admission was made for the purpose of determining the question upon demurrer, and thereby, to that extent, became, as it was intended, a part of the record.

4. We are of opinion that the main purpose of this affidavit is to attack and set aside the verdict and judgment of which it complains, and are by no means satisfied that such a proceeding is the appropriate remedy to effect that object. There are other remedies to reach that end of less doubtful propriety, and which would afford protection to all parties concerned. These need not be more particularly specified, as they will readily suggest themselves to counsel for the defendant. One thing is certain, the de-

fendant should pay for or relinquish this land; it is inequitable and contrary to law to allow him to keep both the plaintiff's money and the land he purchased from her. Let him pay the debt or surrender the premises. One or the other he can and should do. It is time this contention should cease. There are so many indications disclosed by this record of a purpose to evade a just obligation, that, if damages had been asked, we are inclined to think they should have been awarded.

Judgment affirmed.